Review of a determination of the Commissioner of Agriculture and Markets under article 78 of the Civil Practice Act. The decretal portion of the determination should be confirmed under the authority of Matter of-Guernsey Breeders Co-Op. V. Noyes (284 N. Y. 197). Findings of fact are approved and the determination of the Commissioner, of Agriculture and Markets is confirmed insofar as it provides: “ (1) A differential in the amount of thirty-five cents per hundredweight is hereby fixed and shall be paid out of the Equalization Pools established by Official Orders Nos. 127 and 129, and as a charge against them, solely on the milk of petitioner, New York State Guernsey Breeders’ Co-Operative, Inc., sold by it as Guernsey milk. (2) Said differential shall become effective as of the inception of milk marketing orders Nos. 127 and 129. (3) This order shall become effective as *858 of the 1st of June, 1945.” The petition for review under article 78 of the Civil Practice Act is dismissed on the merits, with $50 costs and disbursements to the respondent, New York State Guernsey Breeders’ Co-Operative, Inc. The unnecessary and improper statements made by the commissioner preceding and in connection with the promulgation of the order are not approved. Hill, P. J., Heffernan, Poster and Lawrence, JJ., concur; Brewster, J., dissents, in the following memorandum: I dissent, vote to annul the order under review and to remit the matter to the commissioner for his findings and decision thereon as respects the issue arising from the proof before him in the matter of the claimant-respondent, New York State Guernsey Breeders’ Co-Operative, Inc., for the fixation in the Milk Marketing Official Orders Nos. 127 and 129 of a differential in its favor as to milk sold by it as Guernsey milk. The claim to the differential was contested by interested parties and, therefore, findings were required. Not only have no sufficient findings supporting the order been made, but its preamble plainly indicates that had they been made they would have called for an order denying the claim. In the order under review the commissioner frankly avows that he granted the differential “ * * * solely in accordance and in compliance with said decision and order ”, of this court, “ 6 4‘ 46 and not in the unrestricted exercise of my own official discretion.” In the preamble preceding this he recorded that “* ** * after careful scrutiny and examination of the evidence, and in the exercise of the discretion conferred upon me by statute I would have reached the same conclusion and made the same determination denying the differential * * c ” as his predecessor in office had done prior to the inception of the litigation out of which the present proceedings have arisen. All of such litigation has been and is in the nature of certiorari. It is devoid of any phase of mandamus. Notwithstanding the prior annulment and remission, it is still for the respondent commissioner, in the free and untrammeled exercise of his own judgment upon the evidence presented, to find and determine respecting the merits of the controversy before him. The remission of the matter did not determine the right to the differential nor order the commissioner to grant it. To sustain the instant order this court would be usurping the powers and functions of the commissioner, and in effect making new, yet unreported, findings as regards many questions of fact presented by a voluminous quantity of oral and documentary proof pertaining to many intricate and technical matters. The evidence of an isolated instance of a controller experiment, or a general and technically made collation of the law of average as shown, respecting the relative cost of the production of Guernsey milk, is far from establishing the right to the differential as a matter of law, even though it should be ultimately and finally determined that such a factor may work a differential, or contribute to the award of one, under subdivision 6 of section 258-m of the Milk Control Law [Agriculture and Markets Law]. [185 Mise. 522.] Leave to appeal to the Court of Appeals granted. This court certifies that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals. Hill, P. J., Heffernan, Brewster, Foster and Lawrence, JJ., concur.